MOBILE, J. & K. C. R. Co., ET AL. *v.* J. T. PHILLIPS & COMPANY.

[60 South. 572.]

1. RAILROADS. *Contributory negligence of owners. Loss of shipment. Liability of connecting carriers. Evidence.*

If the omission of duty or the fraudulent representation of the agent of the shipper, mislead the carrier, and cause it to omit such precautions as were necessary to the safe transportation and delivery of a package, the owner must bear the burden of its agent's fraud or negligence.

2. SAME.

But where it appears that the misrepresentation of the shipper or its agent could not have misled the carrier to its prejudice by causing it to omit such precautions as were necessary to the safe transportation of the shipment then this rule does not apply.

3. CARRIERS. *Loss of shipment. Connecting carrier. Evidence.*

A connecting carrier in a suit for goods lost in transportation is not liable where it is not shown that the goods were delivered to it by the initial carrier.

APPEAL from the circuit court of Pontotoc county.
HON. G. J. LEFTWICH, Special Judge.

Suit by T. J. Phillips & Company against the Mobile, Jackson & Kansas City Railroad Company and others. From a judgment for plaintiff, defendant appeals.

This is an appeal from a judgment of the circuit court of Pontotoc county awarding damages to appellee from the loss of a shipment of dry goods sent by freight.

Appellees, merchants doing business at Houlka, Miss., bought of B. Lowenstein & Bros., wholesale dealers in Memphis, Tenn., a large bill of merchandise. The shipment was delivered to the St. Louis & San Francisco Railroad Company, intitial carrier, to be delivered to the Mobile, Jackson & Kansas City Railroad Company. The bill of lading showed that the shipment contained twelve cases of cotton fabrics in the original pieces and five bales of domestic. This shipment reached Houlka on the line of the Mobile, Jackson & Kansas City Railroad Company, and checked up short. The invoice shows that the missing case contained dry goods and notions of various sorts. The appellees brought suit against the two companies, and obtained judgment against them jointly for the sum sued for.

It is contended for appellants that there is no evidence showing that the Mobile, Jackson & Kansas City Railroad ever received the missing package; and it is also contended that the shipper misrepresented the contents of the package in order to procure a lower freight rate, and therefore the carrier is relieved of liability, since the contract is vitiated by fraud.

Appellant asked the following instructions, which were refused:

"No. 7. The court charges the jury for the defendant that the plaintiffs are bound by any representations made by B. Lowenstein Bros., if you believe from the evidence that any were in fact made, as to the contents of the said box.

"No. 8. The court instructs the jury for the defendants that if you believe from the evidence that B. Lowenstein Bros. represented the said box of goods to contain only cotton fabrics in the original pieces knowingly, and for the purpose of obtaining a lower rate, and thereby

did get a lower rate for the transportation of them, you will find for the defendant.

"No. 9. The court charges the jury for the defendants that if you believe from a preponderance of the testimony that B. Lowenstein Bros., either themselves or by their agents, the consignors of the goods sued for in this case, knowingly and willfully falsely represented to the St. Louis & San Francisco Railroad Company the contents of the package containing the goods, and thereby obtained transportation for such goods at a less rate than that established by law for the character of goods shipped, then the contract of shipment would be void, and the jury will find for the defendants."

Counsel for appellant cite the following authorities; 1 Hutchinson on Carriers (3d Ed.), sec. 330; *Nelson* v. *Hudson River Co.,* 48 N. Y. 498; *Cristenson* v. *Am. Express Co.,* 15 Minn. 270 (Gil. 208), 2 Am. Rep. 122; *Ryan* v. *Railroad,* 65 Tex. 13, 57 Am. Rep. 589; *Despatch Line* v. *Glenny,* 41 Ohio St. 166; *C. & O. R. R. Co.* v. *Hall,* 136 Ky. 379, 124 S. W. 372, Ann. Cas. 1912A, 364.

*J. T. Brown* and *Flowers, Alexander & Whitfield,* attorneys for appellants.

*A. M. Mitchell* and *Mitchell & Mitchell,* attorneys for appellees.

No brief of counsel on either side found in the record.

COOK, J., delivered the opinion of the court.

There are numerous assignments of error, but we are of opinion that none are well taken, and only one will be noticed because of its importance.

A certain package of freight when delivered to the intitial carrier was represented by the consignor to contain cotton fabrics in the original pieces. It appears

that cotton fabrics in the original pieces, according to the tariff, were carried at a lower rate than the actual contents of the package for the loss of which this suit was instituted. This was not an action for damage to freight, but for the failure of the railroads to deliver the package to the consignee. After the delivery of the package to the St. Louis & San Francisco Railroad Company at Memphis, it disappears from view, and the evidence does not show, or undertake to show, what became of it. There is no evidence to justify the inference that the package was ever delivered by the initial carrier to the connecting carrier, the Mobile, Jackson & Kansas City Railroad Company—in fact the evidence is entirely silent upon that feature of the case.

Coming now to a consideration of the point, which is of first impression in this state, so far as we have been able to ascertain, the exact point has not been decided by the courts of any of the states, or raised in any case brought to our notice. It is contended that the misrepresentation as to the contents of the package was a gross and deliberate fraud to obtain a lower freight rate— and, inasmuch as the carrier did not undertake to carry the package actually delivered, the contract of affreightment was absolutely void and no action can be predicated thereon. In all the cases cited, and in all the authorities examined by us, the doctrine invoked to defeat a recovery in this case does not extend so far as is contended by appellants.

It seems to be, and indeed must be, the law that, if the loss or damage is caused by the act or omission of the shipper, the owner must bear the loss. This is but an application of the exact principles of justice and reason. If my silence upon or misrepresentation of the facts is the cause of my injury, it follows that I must suffer the consequences of my own fraud or folly. The failure to speak, or the false statement of the facts, must in some way contribute to the event—in this case to the loss of

the package. If the omission of duty or the fraudulent representation misleads the carrier, and causes it to omit such precautions as were necessary to the safe transportation and delivery of the package, the owner must bear the burden of its agent's fraud or negligence.

To this extent the law invalidates the contract of carriage, but where it appears, as in the present case, that the statement that the package contained cotton fabrics in the original pieces could in no imaginable circumstances have misled the carrier to its prejudice, the reason for the application of the righteous doctrine invoked by appellant does not exist. To burden appellee with consequences with which the wrong charged against his agent has no connection, and which would have followed had the true character of the shipment been disclosed, would be as rank injustice as to hold the carrier responsible for a loss caused by the shipper. The entire principle invoked here and the reasons underlying its enforcement by the courts is discussed by the text-writers. See Hutchinson on Carriers (3d Ed.), sec. 328 *et seq.*; Moore on Carriers, p. 355 *et seq.*

The record does not show that the Mobile, Jackson & Kansas City Railroad Company received the package, and the cause is reversed and the suit dismissed as to it, but the case is affirmed as to the St. Louis & San Francisco Railroad Company.

*Dismissed in part and affirmed in part.*